UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS W. CAUDLE, NO. 357282,

Petitioner,

v.                                                ACTION NO. 2:08cv604

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions

of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas

corpus.

I. STATEMENT OF THE CASE

A. Background

Petitioner Thomas W. Caudle ("Caudle") was convicted following a plea of guilty in the

Circuit Court of the City of Newport News on February 17, 2006, of one count of malicious

wounding and use of a firearm in the commission of malicious wounding.[1] Caudle was sentenced

to a term of 23 years imprisonment.

---

[1]It should be noted that an original charge of aggravated malicious wounding was reduced to malicious
wounding in exchange for the agreement of Caudle to waive his preliminary hearing.

Caudle's direct appeal of his convictions to the Virginia Court of Appeals was denied on May 9, 2007, and was denied by a three-judge panel of the court on September 5, 2007. The Virginia Supreme Court refused Caudle's petition for appeal on December 21, 2007. Caudle filed a habeas petition in the Virginia Supreme Court on April 4, 2008. The Virginia Supreme Court denied Caudle's habeas petition on October 23, 2008, and denied his motion for a rehearing en banc on February 5, 2009.

Caudle, presently in the custody of the Virginia Department of Corrections at Deerfield Correctional Center, Capron, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 18, 2008. On January 26, 2009, the Respondent filed a Motion to Dismiss and Rule 5 Answer. Caudle filed a response to the Motion to Dismiss on February 10, 2009. Accordingly, this matter is now ripe for adjudication.

## B. Ground Alleged

Caudle asserts he is entitled to relief under 28 U.S.C. § 2254 because:

he was denied effective assistance of counsel when

(I)     trial counsel erroneously advised him to waive his preliminary hearing in exchange for the reduced malicious wounding charge;

(II)    trial counsel erroneously advised him to plead guilty to both counts;

(III)   trial counsel failed to object to improper and prejudicial evidence;

(IV)    trial counsel failed to call character witnesses at the sentencing phase of the trial;

(V)     trial counsel failed to properly factually and legally investigate Caudle's case.

2

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Caudle's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Caudle's claims are exhausted because they were presented to the Virginia Supreme Court in a post-conviction habeas proceeding. Accordingly, this Court now turns to the merits of Caudle's claim.

### B. Merits

Pursuant to 28 U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way."

Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

The controlling standard for ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the Virginia Supreme Court to analyze the petitioner's claims under a two-prong test: competence and prejudice. To have granted relief, the Virginia Supreme Court would have to have found that (1) petitioner's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Strickland, 466 U.S. at 694 (the "prejudice prong" of the test). Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to recommend granting Caudle's relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of his claims was an unreasonable application of Strickland.

In Ground (I), Caudle alleges he was denied the effective assistance of counsel because counsel misled him into accepting a reduction in his aggravated malicious wounding charge in exchange for waiving his preliminary hearing. Caudle argues that counsel should have known that the Commonwealth could not prove the aggravated malicious wounding charge. This allegation was not denied by the Virginia Supreme Court using the controlling standard for ineffective assistance of counsel set forth in Strickland. Instead, the Virginia Supreme Court based its decision on Anderson v. Warden, which held that valid and conclusive statements made during trial proceedings related to the adequacy of counsel may not be challenged unless the prisoner offers a valid reason

for their inadequacy. Anderson v. Warden, 281 S.E.2d 885, 888 (Va. 1981). The Virginia Supreme Court found that Caudle did not offer a valid reason. Caudle v. Warden, No. 80718, at 2 (Va. Oct. 23, 2008).

An independent review of the Ground (I) claim is warranted because the Virginia Supreme Court did not fully develop its application of law to the facts of the case. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). Caudle alleges that the advice of counsel was erroneous because the evidence could not support a charge of aggravated malicious wounding. He argues that because the victim suffered no "permanent and significant physical impairment" the charge could not be sustained. See Va. Code Ann. § 18.2-51.2. As a result of following counsel's advice, Caudle alleges he was prejudiced, satisfying the prejudice prong of the Strickland test. Strickland, 466 U.S. at 694.

The record demonstrates, however, that the victim was subject to permanent physical impairment as a result of the shooting. The victim suffered permanent scarring and emotional trauma as a result of being shot three times by Caudle. Sentencing Tr. vol. 1, at 4, 27, Feb. 17, 2006. The permanent physical scarring suffered by the victim is sufficient to satisfy the permanent injury requirement of the aggravated malicious wounding statute. Newton v. Commonwealth, 462 S.E.2d 117, 119 (Va. App. 1995) (noting § 18.2-51.52 incorporated the "cosmetic disfigurement which is caused by bodily injury" element from Va. Code. Ann. § 51.5-3 into the definition of "physical impairment"). Thus, counsel's advice to accept the lesser charge of malicious wounding, when it was possible to prove the aggravated malicious wounding charge, did not prejudice Caudle within the meaning set forth in Strickland. There is no evidence suggesting a different outcome but for counsel's advice. Strickland 466 U.S. at 694. In fact, counsel's advice eliminated Caudle's exposure to a charge that would have carried more prison time. The Virginia Supreme Court's decision to

5

dismiss Caudle's Ground (I) claim is not in conflict with clearly established federal law set forth in Strickland, and therefore, does not entitle Caudle to relief. Williams, 529 U.S. at 386.

It is unnecessary to address the competence prong of the Strickland test. As the Court noted, the Strickland test is not satisfied unless the requirements of both prongs are met. Strickland 466 U.S. at 697. If a petitioner fails one prong, it is unnecessary to examine the other prong. Id. Caudle's claim fails the prejudice prong and makes an analysis of the competence prong moot.

Each of Caudle's ineffective assistance of counsel claims asserted in Grounds (II) - (V) was raised in his habeas corpus petition to the Virginia Supreme Court. The Virginia Supreme Court clearly articulated its application of Strickland to the facts in Grounds (II) - (V); therefore, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor has it resulted in a decision that was based on an unreasonable determination of the facts. Therefore, this Court recommends dismissing Grounds (II) - (V) of Caudle's petition.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Caudle's petition for writ of habeas corpus be DENIED and the Respondent's Motion to Dismiss be GRANTED, because the claims were previously adjudicated by the Virginia Supreme Court on the merits, and none of the statutory exceptions that would allow this Court to grant relief on the claims apply.

Caudle has failed to demonstrate a "substantial showing of the denial of a constitutional right;" therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____<br>
Tommy E. Miller<br>
United States Magistrate Judge

Norfolk, Virginia<br>
May 27, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Thomas M. Caudle, # 357282
A-256
Deerfield Correctional Center
21360 Deerfield Drive
Capron, VA 23829

Kathleen B. Martin, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

May 27, 2009

8